JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAHKEE WADE

## DEFENDANTS

WAWA, INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esquire, Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended

Brief description of cause:
discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Over 175,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/06/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Wade

v.

Wawa Inc

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

| 4/6/2020 | David M Koller | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-8917 | 215-575-0826 | davidk@ Kollerlawfirm .com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  _____ 1431 S. Vodges Street, Philadelphia, PA 19143 _____

Address of Defendant:  _____ 901 South Street, Philadelphia, PA 19147 _____

Place of Accident, Incident or Transaction:  _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number:  _____    Judge:  _____    Date Terminated:  _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/06/2020 _____    _____ *Must sign here* _____    90119 _____
                                                *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ David M. Koller _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 04/06/2020 _____    _____ *Sign here if applicable* _____    90119 _____
                                                *Attorney-at-Law / Pro Se Plaintiff*                         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAHKEE WADE** | : | **Civil Action No.** |
| **1431 S Vodges Street** | : | |
| **Philadelphia, PA 19143** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **WAWA, INC.** | : | |
| **901 South Street** | : | |
| **Philadelphia, PA 19147** | : | |
| | : | |
| **260 W Baltimore Pike** | : | |
| **Media, PA 19063** | : | |

## CIVIL ACTION

Plaintiff, Jahkee Wade (hereinafter "Plaintiff"), by and through Plaintiff's attorneys, Koller

Law, LLC, bring this civil matter against Defendant, Wawa, Inc. (hereinafter "Defendant"), for

violations of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human

Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is chain of convenient stores with a location at 901

South Street, Philadelphia, PA 19147 and with a corporate headquarters located at 260 W Baltimore Pike, Media, PA 19063.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted Plaintiff's administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act ("PHRA").

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender and gender identity discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2020-00737 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated January 7, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of Plaintiff's intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of Plaintiff's receipt of Plaintiff's Right to Sue in this matter.

18. Plaintiff has exhausted Plaintiff's administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born female, but in 2009, Plaintiff began to undergo hormone treatment and the physical processes involved with becoming male, which caused Plaintiff to appear or have characteristics of a male.

21. On August 2, 2017, Defendant hired Plaintiff as a Customer Service Associate ("CSA") at its 36th and Chestnut location.

22. Plaintiff was well qualified for the position and performed well.

23. In or around December 2017, Defendant promoted Plaintiff to Lead CSA.

24. Plaintiff was well qualified for the position and performed well.

25. In or around January 2018, Defendant promoted Plaintiff to Night Supervisor.

26. Plaintiff was well qualified for this position and performed well.

### PLAINTIFF'S COWORKERS MADE DISCRIMINATORY AND DEROGATORY COMMENTS

27. Shortly after the start of Plaintiff's employment, Plaintiff's coworkers, including, but not limited to, Carolyn LNU, Lead CSA, Rachel LNU, CSA, and Brittany LNU, CSA, made disparaging and discriminatory remarks regarding Plaintiff's transition and gender identity.

28. These remarks included, but were not limited to, asking if Plaintiff was a boy or girl and that Plaintiff had a "big butt, tongue piercing and looked like a freak."

### PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT THE DISCRIMINATORY CONDUCT

29. In or around January 2018, Plaintiff complained to Sophia Collins, General Manager, about the discriminatory and derogatory comments.

4

30. Ms. Collins instructed Plaintiff to report the discriminatory and derogatory comments to Human Resources.

31. Plaintiff followed Ms. Collins' instructions and reported the discrimination to Human Resources.

32. The subsequent investigation conducted by Human Resources resulted in Rachel and Carolyn being terminated for their discriminatory conduct.

## DEFENDANT CONTINUED TO SUBJECT PLAINTIFF TO DISCRIMINATORY CONDUCT

33. However, in or around June 2018, the discriminatory harassment continued.

34. Brittany and Tracy LNU, CSA, began to repeatedly refer to Plaintiff as "bitch", use the wrong pronouns for Plaintiff on, and say that Plaintiff was not really a man.

35. In addition, Brittany commented to Plaintiff, "You bleed just like how I bleed."

36. Plaintiff believes this comment was directed towards Plaintiff's gender identity.

37. Plaintiff complained about this to Human Resources, but upon information and belief, no action was taken to address Plaintiff's complaint.

## DEFENDANT TRANSFERRED PLAINTIFF TO A DIFFERENT LOCATION

38. In or around May 2019, Defendant transferred Plaintiff to its 9th and South location.

## THE DISCRIMINATION CONTINUED, DESPITE PLAINTIFF'S REPEATED COMPLAINTS

39. Plaintiff quickly discovered that the former coworkers from Defendant's 36th and Chestnut location, including, but not limited to, Larissa Gadson, CSA, and Tymir LNU, Night Supervisor, had told the other coworkers at the 9th and South location about Plaintiff's transition and gender identity.

5

40. Plaintiff immediately complained to Edward Harris, General Manager, about the situation and how Plaintiff felt discriminated against.

41. Mr. Harris informed Plaintiff that he would address the situation.

42. However, on June 24, 2019, Brandon Jones, Shift Lead, pulled Plaintiff into the office and asked Plaintiff if Plaintiff was male or female due to rumors that he had heard from other coworkers.

43. Plaintiff was offended by Mr. Jones' inappropriate question and vocally opposed it.

44. Later that day, Ms. Gadson arrived at Defendant for her shift and Plaintiff asked her why she had commented about Plaintiff's gender and gender identity to Mr. Jones.

45. Ms. Gadson informed Plaintiff that Mr. Jones was making statements at Defendant that Plaintiff was born female and could not possibly be male.

46. That same day, Plaintiff complained to Mr. Harris and Kiara LNU, Food & Beverage Manager, about the discriminatory comments.

## PLAINTIFF WAS THREATENED AND DISCRIMINATED AGAINST BY A SUBORDINATE AFTER ISSUING HIM A DIRECTIVE

47. On July 1, 2019, Nyfis Fisher, CSA, became extremely agitated when Plaintiff instructed him that he could not wear ear buds while he worked.

48. Mr. Fisher began to scream threats of physical violence at Plaintiff and stated that Plaintiff was "nothing but a female."

49. That same day, Plaintiff reported Mr. Fisher's discriminatory conduct and physical threats to Mr. Harris.

## PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED

50. Due to the continuous discriminatory harassment Plaintiff to which was subjected at Defendant, Plaintiff submitted a resignation letter to Mr. Harris on July 2, 2019.

6

51. Plaintiff was constructively discharged.

## COUNT I – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a member of protected classes in that Plaintiff is transgender.

54. Plaintiff was qualified to perform the job.

55. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

56. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

57. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

58. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

59. Plaintiff was constructively discharged from Defendant.

60. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a member of protected calluses in that Plaintiff is transgender.

63. Plaintiff was qualified to perform the job.

7

64. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

65. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

67. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

68. Plaintiff was constructively discharged from Defendant.

69. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jahkee Wade, requests that the Court grant Plaintiff the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Emotional pain and suffering;

(d)    Reasonable attorneys' fees;

(e)    Recoverable costs;

(f)    Pre and post judgment interest;

(g)    An allowance to compensate for negative tax consequences;

8

(h)　A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(i)　Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)　Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)　Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: April 6, 2020

**By:** *s/ David M. Koller*
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

9